FILED

2020 Dec-04  PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# U NITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BE, through parent Gillian Stallworth; KL, through parent Gillian Stallworth; and GILLIAN STALLWORTH, | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **2:20-cv-00526-AKK** |
| | ) | |
| **SHELBY COUNTY BOARD OF EDUCATION, et al.,** | ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Gillian Stallworth brings this action on her own behalf and on behalf of her minor children, B.E. and K.L., against the Shelby County Board of Education (the "Board"), Celita Deem, Tina Neighbors, and Courtney King.[1]  Doc. 1.  In a nutshell, this action arises from alleged issues relating to B.E.'s education, the services and treatment he received from the defendants, and a due process hearing resulting in a decision in favor of the Board.  This action is before the court on the defendants'

---

[1] Stallworth asserts claims against Deem, Neighbors, and King in their individual capacities and in their official capacities as the principal of Mt. Laurel Elementary School, the assistant principal of Mt. Laurel Elementary School, and the owner of the HANDS Program, respectively. Doc. 1.  The claims asserted against Deem and Neighbors in their official capacities are duplicative of the claims asserted against the Board and, therefore, are due to be dismissed.  *See Snow v. City of Citronelle, Alabama*, 420 F.3d 1262, 1270 (11th Cir. 2005) (citation omitted).

motions to dismiss, docs. 19; 23; 29, and on the court's own review of the complaint pursuant to 28 U.S.C.§ 1915(e)(2).  For the following reasons—in particular, (1) the appeal of the due process hearing is untimely, (2) Stallworth has no right to represent her children in federal court, and (3) the claims fail to state a viable claim for relief— the motions are due to be granted.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" are insufficient.  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  When evaluating a motion brought under Rule 12(b)(6), the court accepts "the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff."  *Hunt v. Aimco*

*Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).   However, "[t]o survive a motion to dismiss, a complaint must . . . 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).   A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.   Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Additionally, because Stallworth is proceeding pro se, the court must construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Finally, because Stallworth is proceeding in forma pauperis, doc. 6, the court must dismiss this case if it determines that the complain fails to state a claim on which relief may be granted, 29 U.S.C. § 1915(e)(2)(B)(ii).

## II.

B.E. and K.L. attended Mount Laurel Elementary School in Shelby County, Alabama.   Doc. 1 at 1.   B.E. was diagnosed with sensory processing disorder, oppositional defiance disorder, insomnia, and "autistic characteristics" at an early age, and, therefore, Stallworth referred him for special education services before he started kindergarten in August 2018. *Id.* at 2.  In September 2018, the Board changed

B.E.'s placement to homebound instruction before changing his placement again to the HANDS program from October to December 2018.[2]  *Id.*   According to Stallworth, B.E. received only one two-hour homebound service in September 2018, and "received no qualified academic instruction at HANDS."  *Id.*

Beginning in January 2019, B.E. returned to Mt. Laurel, and remained there through at least October 2020.  *Id.*  Stallworth entered into a settlement agreement with the Board in June 2019 relating to issues regarding the services and education the Board provided to B.E.  *Id.* at 2, 6; Doc. 19-1.  However, issues surrounding B.E.'s education continued, and Stallworth filed a due process hearing request in October 2019.  Doc. 1 at 2.  Following a hearing in January 2020, the hearing officer issued a decision in favor of the Board.  *Id.*; Doc. 19-2.

## III.

This lawsuit is Stallworth's appeal from the hearing officer's decision.  In addition, Stallworth asserts federal claims on her own behalf and on behalf of B.E. and K.L., based on alleged violations of B.E.'s constitutional rights and violations § 504 of the Rehabilitation Act, and Title II the Americans with Disabilities Act.  Doc. 1 at 9-11.  Stallworth also asserts state law claims for alleged violations of

---

[2] The HANDS Program is an Alabama LLC that provides service to children with neurodevelopmental disorders.  Doc. 29-1 at 2.

Alabama statutes, breach of contract, and a claim on B.E.'s behalf for battery and false imprisonment.  *Id.* at 11-12.  The court addresses these claims in turn.

## A.

The Board contends that Stallworth's appeal from the hearing officer's decision is untimely.  Doc. 19 at 4-5.  Indeed, under the relevant Alabama Administrative Code, Stallworth had up to 60 days to file the appeal:

> The party bringing the civil action [to appeal a due process hearing] must file a notice of intent to file a civil action within 30 days after receipt of the hearing decision.  The party must file the civil action within 30 days of the filing of the notice of intent.

Ala. Admin. Code r. 290-8-9-.08(9)(c)(16).  And, here, the hearing officer in this case issued a decision on February 13, 2020.  Doc. 19-2.  Significantly, the officer notified Stallworth of the time limits for appealing the decision.  *Id.* at 31-32.  Thus, Stallworth knew she had until March 16 to file a notice of intent, and until April 15 to file a civil action in this court.

However, Stallworth did not file her complaint until April 20, 2020—five days late.  Doc. 1.  Recognizing that her appeal is untimely, Stallworth asked the court to consider it timely in light of Governor Kay Ivey's Stay at Home Order[3] and because Stallworth was without power and internet services for an unidentified

---

[3] Governor Ivey issued a Stay at Home Order effective April 4, 2020 to help slow the spread of COVID-19.  The Order required all Alabamians to say at home unless performing an essential activity, such as obtaining food, seeking medical care, or working.  *See* Order, available at https://governor.alabama.gov/assets/2020/04/Final-Statewide-Order-4.3.2020.pdf

period of time around April 12, 2020 and had to "quarantine to the maximum extent possible" to protect her children from COVID-19.  Doc. 2 at 1-2.  Stallworth also contends that the court should accept her late filing because the COVID-19 pandemic and the court's March 11, 2020 General Order restricting visitors to the courthouse made it necessary for her to mail her complaint for filing, which caused delays.  Doc. 30 at 2.  But, even if Stallworth had to mail her complaint rather than filing it in person, nothing explains why she could not have done so in time to meet the April 15, 2020 deadline, or why she did not mail her complaint until the day after the deadline for filing.  *See* doc. 1 at 13-15; *see also* doc. 2 at 2-3.  Moreover, she presents nothing to suggest that she met the earlier notice of intent deadline, *see* docs. 1; 2, which is a prerequisite to filing an appeal, *see* Ala. Admin. Code r. 290-8-9-.08(9)(c)(16).  Consequently, because Stallworth did not file a timely appeal and because "pro se litigants are [] expected to comply with procedural requirements," *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)), Stallworth's claim appealing the due process decision is due to be dismissed.[4]

---

[4] To the extent Stallworth asserts this claim against the individual defendants, it is also due to be dismissed because the Individuals with Disabilities Education Act ("IDEA") does not provide for liability against individual defendants and due process appeals "should not include individuals as defendants."  *B.I. v. Montgomery County Bd. of Educ.*, 750 F. Supp. 2d 1280, 1283 (M.D. Ala. 2010) (citations omitted).

**B.**

In the second claim for relief, Stallworth asserts § 1983 claims on behalf of B.E. for alleged violations of B.E.'s constitutional rights.  Doc. 1 at 9-10.  In particular, Stallworth contends that the defendants:  (1) violated the Equal Protection Clause by treating B.E. differently than his non-disabled peers, (2) deprived B.E. of his right to substantive due process, (3) violated the Eighth Amendment's prohibition on cruel and unusual punishment by secluding B.E. in a room with the door blocked or held shut and by feeding him food that had not been properly stored, and (4) violated B.E.'s right to privacy.  *Id.*

As an initial matter, contrary to Stallworth's contention otherwise, Federal Rule of Civil Procedure 17(c) does not permit a parent who is not an attorney to assert claims pro se on behalf of their minor children.  *Devine v. Indian River County School Bd.*, 171 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds by *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (citations omitted).  Thus, because Stallworth is not an attorney, the § 1983 claims Stallworth asserts on behalf of B.E. necessarily fail and are due to be dismissed.[5]  *See FuQua v. Massey*, 615 F. App'x

---

[5] For the same reason, the claims asserted on behalf of B.E. for alleged violations of B.E.'s rights under § 504 of the Rehabilitation Act, the ADA, and Alabama state law, and for alleged battery and false imprisonment, doc. 1 at 10-12, are also due to be dismissed.  *See FuQua*, 615 F. App'x at 613; *Chamber v. Tibbs*, 980 So. 2d 1010, 1015 (Ala. Civ. App. 2007).  Likewise, to the extent Stallworth asserts a claim on behalf of K.L for alleged violations of her rights under § 504, *see* doc. 1 at 10, the claim is due to be dismissed.

611, 612-13 (11th Cir. 2015) ("[T]he district court properly granted the motion to dismiss because FuQua sought to represent her minor daughter, but, as a non-attorney, she was not permitted to do so.") (citing *Devine*, 121 F.3d at 581); *Whitehurst*, 306 F. App'x at 449.  And, for the reasons explained below, even if Stallworth could assert claims on behalf of B.E., the § 1983 claims are due to be dismissed under Rule 12(b)(6).

1.

In support of her contentions that the defendants violated B.E.'s rights under the Equal Protection Clause, Stallworth alleges that the defendants treated B.E. differently than his non-disabled peers and that disabled students are subject to different rules and not given the same rights as non-disabled students at Forest Oaks. Doc. 1 at 8-9.  But, such conclusory allegations of differential treatment are not sufficient to state a viable equal protection claim.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, individuals with intellectual disabilities are not members of a suspect class based on their disabilities.  *See City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 444-46 (1985).[6]  Therefore, the § 1983 claim based on the Equal Protection Clause fails.

---

[6] Stallworth alleges that "B.E. has faced exclusionary discipline and discrimination due to race" and that data "collected by the Office of Civil Rights shows significant statistical evidence as to the racial disparity of discipline of African American children" at schools where Deem served as principal.  Doc. 1 at 5.  However, Stallworth does not identify any similarly situated students outside of B.E.'s protected class that the defendants treated more favorably with respect to school

2.

To state a viable substantive due process claim, Stallworth must allege conduct that "shocks the conscience," which requires more than allegations of negligence. *See Nix v. Franklin County Sch. Dist.*, 311 F.3d 1373, 1378 (11th Cir. 2002) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 & 849 (1998)). And, "[i]n a school setting case, [a] complaint's allegations of deliberate indifference, without more, do not rise to the conscience-shocking level required for a constitutional violation." *Davis v. Carter*, 555 F.3d 979, 984 (11th Cir. 2009). Rather, "[t]o rise to the conscience-shocking level, conduct most likely must be 'intended to injure in some way unjustifiable by any government interest.'" *Id.* at 982 (quoting *Lewis*, 523 U.S. at 849). The Eleventh Circuit has found that a school official violates a student's substantive due process rights in claims involving excessive corporal punishment. *Id.* (citing *Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069 (11th Cir. 2000) and *Kirkland v. Green County Bd. of Educ.*, 347 F.3d 903 (11th Cir. 2003)).

Here, Stallworth does not allege that the defendants administered corporal punishment or intended to injure B.E. *See* doc. 1. Rather, she alleges that the defendants secluded B.E. repeatedly, "B.E. was restrained for throwing paper towel

---

discipline. And, the conclusory allegation regarding a racial disparity in discipline is not sufficient to state a plausible claim for a violation of the equal protection clause. Thus, to the extent that the plaintiffs assert an equal protection claim based on race, the claim is due to be dismissed.

rolls and markers," "escort holds were used on B.E. limiting free movement of body," "B.E. suffered a medically documented pinch injury to his face causing abrasion and punctures" while in the care of a HANDS employee, and "B.E. was removed from an area of [a] room," resulting in "medically documented sprain and strains to both arms." *Id.* at 6-8.  While this alleged conduct is upsetting, it does not rise to the level of an alleged violation of B.E.'s substantive due process rights under the law in this circuit.

3.

Stallworth's Eighth Amendment claim is also flawed.  As Stallworth puts it, the defendants subjected B.E. to cruel and unusual punishment by placing him in a room with the door held shut or with adults blocking the exit and by feeding him food that had not been properly stored.  Doc. 1.  But, the Eighth Amendment "do[es] not apply to public school disciplinary practices."  *Rhodes v. Chapman*, 452 U.S. 337, 345 n.11 (1981); *Ingraham v. Wright*, 430 U.S. 651, 671 (1977).[7]  Thus, the § 1983 claim based on alleged violations of the Eighth Amendment also fails.

---

[7] *See also Williams v. Fulton County School District*, 181 F. Supp. 3d 1089, 1130 (N.D. Ga. 2016) ("The Eleventh Circuit appears to view claims of abuse in the school setting solely through the lens of the Fourteenth Amendment.") (citations omitted).

4.

The § 1983 claim based on the alleged violation of a constitutional right to privacy also fails.  Allegedly, the defendants violated B.E.'s constitutional right to privacy by sharing a psychological evaluation of B.E. with an unidentified "outside party," asking B.E. about his medical treatment and use of medications, providing "protected records" to Dr. Mark Prohaska,[8] and recording B.E. on personal cell phones without consent and sharing the recordings with unidentified parties.  Doc. 1 at 8, 10.

The "Constitution does not create a blanket right of privacy for citizens. Those 'zones of privacy' which have been recognized as warranting protection under the Constitution include the right to be free from unreasonable search and seizure, and the right to make personal decisions regarding marriage, contraception, procreation, and family relationships."  *Chaney v. Fayette County Public School Dist.*, 977 F. Supp. 2d 1308, 1317 (N.D. Ga. 2013) (quoting *Carroll v. Parks*, 755 F.2d 1455, 1456-57 (11th Cir. 1985)).  Relevant here, "while children assuredly do not 'shed their constitutional rights at the schoolhouse gate,' . . . the nature of those rights is what is appropriate for children in school."  *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 655-56 (1995) (citations and alteration in original omitted).

---

[8] Dr. Prohaska performed a neuropsychological evaluation of B.E. in May 2019 in connection with amending B.E.'s IEP, and the Board funded the assessment.  Doc. 19-2 at 10, 15.

11

And, in light of "schools' custodial and tutelary responsibility for children," and "[p]articularly with regard to medical examinations and procedures, [] 'students within the school environment have a lesser expectation of privacy than members of the population generally.'"  *Id.* (quotation omitted).  Therefore, in the absence of allegations that the defendants publicly shared information about B.E., did so for a purpose unrelated to B.E.'s education, or that the defendants subjected B.E. to an unreasonable search or seizure or pried into or shared information relating to one of the recognized "zones of privacy" protected by the Constitution, *see* doc. 1, Stallworth has not alleged sufficient facts to show a violation of B.E.'s right to privacy.

5.

Finally, liability under § 1983 cannot be premised on a theory of respondeat superior.  *See Monnell v. Dep't of Soc. Services*, 436 U.S. 658, 691 (1978).  Rather, to hold a local government entity liable under § 1983, a plaintiff must show the entity deprived her of "constitutional rights by either an express policy or a 'widespread practice that . . . is so permanent and well settled as to constitute a custom and usage with the force of law.'"  *Cuesta v. School Bd. of Miami-Dade County, Fla.*, 285 F.3d 962, 966 (11th Cir. 1998) (quoting *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)).

12

In this case, Stallworth has not alleged a Board custom or policy that resulted in the alleged constitutional violations. *See* doc. 1. Stallworth does not seriously dispute this point in her opposition to the Board's motion to dismiss. *See* doc. 30. Rather, she contends that "customs enacted within the Smile Lab at Forest Oaks Elementary School and Linda Nolen Learning Center allow abusive punishment of a group of disabled students . . . ." *Id.* at 2. But, even if the plaintiffs included those contentions in their complaint, such conclusory allegations are not sufficient to allege that a Board policy or widespread practice caused an alleged violation of B.E.'s constitutional rights. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). As a result, Stallworth has not plausibly alleged that the Board may be liable under § 1983.

## C.

In the third and fourth counts, Stallworth asserts the defendants discriminated against B.E. in violation of § 504 of the Rehabilitation Act and Title II of the ADA, and retaliated against her, B.E., and K.L. in violation of § 504. Doc. 1 at 10-11.[9]

---

[9] To the extent the plaintiffs assert these claims against the individual defendants in their individual capacities, the claims are due to be dismissed because the Rehabilitation Act and ADA do not provide for individual liability. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (citing *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001)).

1.

Section 504 prohibits recipients of federal financial assistance from excluding, denying benefits to, or discriminating against an individual solely on the basis of that individual's disability.  29 U.S.C. § 794(a).  Similarly, Title II of the ADA prohibits public entities from discriminating against or denying benefits to a "qualified individual with a disability [] by reason of such disability . . . ."  42 U.S.C. § 12132.  "[I]n the educational context, a plaintiff asserting claims under the ADA or section 504 must show more than an IDEA violation based upon a failure to provide a [free and appropriate public education ("FAPE")].  []  The plaintiff must also demonstrate intentional discrimination or 'some bad faith or gross misjudgment by the school . . . .'"  *J.D.P. v. Cherokee Cnty., Ga. School Dist.*, 735 F. Supp. 2d 1348, 1364 (N.D. Ga. 201) (quoting *W.C. v. Cobb Cnty. Sch. Dist.*, 407 F. Supp. 2d 1351, 1363-64 (N.D. Ga. 2005)) (alteration and emphasis in original omitted).  And, "courts agree that the bad faith or gross misjudgment standard is extremely difficult to meet."  *H. v. Montgomery Cnty. Bd. of Educ.*, 784 F. Supp. 2d 1247, 126 (M.D. Ala. 2011) (quotation and alteration in original omitted).

Turning to the specifics here, Stallworth alleges that the defendants violated B.E.'s rights under § 504 "by denying [him] the benefits of receiving the full and equal access to the public education programs and activities offered within the School District."  Doc. 1 at 10.  She further alleges that the defendants violated the

14

ADA by denying B.E. "the benefits of the services and activities to which he is otherwise entitled to from the School District." *Id.* at 11.  Stallworth, however, does not allege facts showing that the defendants acted with bad faith or exercised gross misjudgment with respect to B.E.'s education or intentionally discriminated against B.E. based on his disability.  *See id.*  Consequently, because a defendant's alleged failure to provide a FAPE is not sufficient to establish liability under § 504 or the ADA, the alleged discrimination claims are due to be dismissed.

2.

The plaintiffs appear to base their § 504 retaliations claims on the alleged conduct that occurred after Stallworth advocated for B.E.'s and K.L.'s rights to a FAPE.  *See* doc. 1 at 5-6.  While these claims are asserted under § 504, they are still subject to the IDEA's exhaustion requirement.   As the Eleventh Circuit has explained:

> The IDEA allows plaintiffs to seek "remedies available under the Constitution, the ADA, Section 504, or other Federal laws protecting the rights of children with disabilities." []  Nonetheless, it also subjects these claims to an exhaustion requirement:  "Before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." []  Thus, whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings.

*M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006) (quoting 20 U.S.C. § 1415(l)) (internal citations and alteration in original omitted).  And, this exhaustion requirement extends to a parent's claims that a school district retaliated against the parent for advocating for her child's "legal rights to receive an appropriate education and be free from discrimination based solely upon his disabilities." *Id.* at 1158-59.

Stallworth does not allege that she requested a due process hearing with respect to the alleged retaliation against her, B.E., and K.L.  *See* doc. 1.  Additionally, the hearing officer's decision contains no indication that Stallworth raised the retaliation issues at the due process hearing regarding B.E.'s IEP.  *See* doc. 19-2. Rather, the hearing officer identified the issues presented as (1) whether the placement proposed by B.E.'s IEP team was appropriate and the least restrictive environment, (2) whether the school district properly identified and evaluation B.E. as required by IDEA; and (3) whether Stallworth was allowed to participate with the IEP team as required by IDEA.  *Id.* at 16.  Thus, because the plaintiffs have not exhausted their administrative remedies with respect to the retaliation claims, the claims are also due to be dismissed.  *See M.T.V.*, 446 F.3d at 1159.

## D.

The plaintiffs' remaining claims—the fifth, sixth, and seventh causes of action—are state law claims for alleged violations of state statute, breach of contract,

and battery and false imprisonment.  Doc. 1 at 11-12.  The court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  And, because "state courts, not federal courts, should be the final arbiters of state law," *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997), the Eleventh Circuit "has noted that 'if the federal claims are dismissed prior to trial, *Gibbs*[10] strongly encourages or even requires dismissal of state claims,'" *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).  Accordingly, the court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims.

## IV.

For the reasons explained above, and especially because Stallworth's appeal of the due process decision in favor of the board is untimely, Stallworth cannot assert claim pro se on behalf of B.E. and K.L, and the complaint fails to state a federal claim upon which relief may be granted, the defendants' motions to dismiss are due to be granted and this action is due to be dismissed.  The court will issue a separate order.

---

[10] In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court noted that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *Id.* at 726.

**DONE** the 4th day of December, 2020.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE